# EZEKIEL PICKETT and wife, *vs.* LEVI Z. CONDON.

In an action for damages, for obstructing a stream of water by means of a dam, by which the water was backed upon the plaintiff's mill-wheel, and

Pickett and Wife *vs.* Condon.

caused to overflow his land, evidence of an obstruction at a different place, and different form, from that alleged in the *nar.*, is inadmissible.

Where the plaintiff purchased his mill *after* the erection of the defendant's dam, he purchased the property with the inconvenience, and before he could bring suit therefor, was bound to give notice to the defendant of the injury complained of.

Evidence that the plaintiff, before suit, told the defendant to keep the water from his dam out of the plaintiff's field, and the defendant promised to do so, is not legally sufficient for the purpose of proving the notice requisite for such suit.

APPEAL from the Circuit court for Carroll County.

Action brought, April 19th, 1858, by the appellants against the appellee. 1st. For that the plaintiffs possessed a tract of land through which a stream of water flowed, on which they owned a mill for grinding grain and making flour, and were therefore entitled to have the stream flow below, and away from their mill, in its accustomed channel, and the defendant erected a dam, with timber, earth and stones, and other materials, across said channel of the stream below their mill, whereby the water was obstructed, and caused to flow back upon their mill-wheel, so as to hinder its proper revolutions, and obstruct their mill in its operations. 2nd. For that the defendant erected a dam across said stream below the plaintiffs' mill, with timber, earth, stones and other materials, whereby the water was obstructed and made to flow back upon the plaintiffs' lands, and injure the grass and grain growing thereon, to the great damage of the plaintiffs, and they claim $1000. Plea, that the defendant did not commit the wrongs alleged.

*1st Exception:* The plaintiffs bought their land and mill September 20th, 1856, and the defendant owned an older mill—a saw mill—below on the same stream, which he bought in 1855. Conflicting evidence was offered by the parties, that of the plaintiffs, to show that the defendant had raised his dam since the plaintiffs' purchase, so as to cause the water to overflow their land, and that of the defendant to show that the dam remained in the same state after the plaintiffs' purchase as before. On the subject of notice the evidence is, that

after the plaintiffs' purchase, and before suit brought, whilst witness and the plaintiff, Ezekiel, were building a culvert to drain plaintiffs' land, defendant came to where they were working and asked them what they were doing? to which said Ezekiel replied, he was making a culvert to drain the water out of the plaintiffs' field, and that the plaintiffs wanted him to keep the water from his dam out of their field, and the de-fendant said he would do so. The plaintiffs then offered to prove that the defendant had placed an obstruction of stone, gravel, brushwood, &c., in said stream below the plaintiffs' mill, whereby the water was caused to flow back on the mill-wheel of the plaintiffs, which obstruction was *at a different place* in the stream from the dam before spoken of. To the admissibility of this evidence the defendant objected, and the court (NELSON, J.) sustained the objection, and refused to al-low it to be given, and to this ruling the plaintiffs excepted.

*2nd Exception:* Other evidence was then given on both sides, and the defendant asked an instruction, that if the jury believe from the evidence the defendant's dam was erected be-fore the plaintiffs owned their property, and before their mill was built, and that he has not since made his dam higher, the plaintiffs are not entitled to recover, there not being a particle of evidence in the case that the plaintiffs, or either of them, gave notice to the defendant before the institution of this suit, that the dam was too high, and that it was an injury to them and their property as it was, and requested him to remove the obstruction by lowering the dam so that it would not injure their property. This instruction the court granted, and the plain-tiffs excepted.

*3rd Exception:* The plaintiffs asked an instruction, that if the jury find from all the evidence in the cause, that the plain-tiffs' land was overflowed by reason of the water being obstruct-ed by defendant's dam, and that since the 20th of September 1856, defendant has done any act in repairing or rebuilding his dam, or has so used it by inserting planks or boards in the waste-gate or otherwise, as to cause the water therefrom to

overflow the plaintiffs' lands, and that the defendant since that day, and before the institution of this suit, was notified by the plaintiffs that the water from his dam overflowed the plaintiffs' lands, and was requested by them to prevent the same, and he promised that he would do so, and that said overflow occurred frequently, and at the ordinary stages of the water, including those caused by rains ordinarily occurring, and not those caused by extraordinary freshets or floods, then the plaintiffs are entitled to recover. This instruction the court rejected, and the plaintiffs excepted, and the verdict and judgment being against them, appealed.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Oliver Miller,* for the appellants.

1st. The proposed evidence, in the first exception, went directly to sustain the first count of the declaration, and unless a plaintiff cannot join, in the same suit, two trespasses committed by the same defendant upon the same property, it is difficult to perceive on what ground the evidence was excluded. By obstructing the stream in *one place,* the water was backed upon the plaintiffs' mill-wheel, and by an obstruction in *another place,* it was caused to flow over upon their land. Here two causes of action, being of the same nature, were properly joined, even under the old system of pleading, and since the Act of 1856, ch. 112, under which this suit was brought, there can be no difficulty in the case.

2nd. The rulings upon the prayers were also erroneous. There was sufficient proof to go to the jury of *notice.* The defendant was notified by the plaintiffs that the water from his dam overflowed their lands, and he was requested, by them, to prevent it, and he said he would do so. It is exclusively for the jury to decide upon the credibility and weight of the evidence, and in view of such evidence of notice, the jury should not have been instructed, as they were, that there was *not a particle* of evidence of notice.

*Jos. M. Palmer*, for the appellee.

1st. It is not disputed that two causes of action of the same nature may be joined in the same declaration, either under the old or new system of pleading. But the objection here is, that the proposed evidence in the first exception was offered to prove a cause of action not contained in the declaration. The declaration does not state *two separate* obstructions of the stream, but sets out only *two injuries* resulting from the *same obstruction*, and hence, the evidence of a *different* obstruction from that stated in the declaration, was clearly inadmissible. 1 *Phillips' Ev.*, 126, 134. 1 *Greenlf's Ev.*, sec. 51.

2nd. It is admitted law, that in such a case as this, where the nuisance was existing at the time the plaintiffs acquired title to their property, notice to the defendant before action brought, is necessary. 5 *Coke*, 101, *Penruddock's Case*. 2 *Chitty's Pl.*, 771. *Willes*, 583, *Winsmore vs. Greenbank. Cro. Jac.*, 555 *Brent vs. Haddon.* Now it is insisted there was no evidence in this case, of such notice as the law requires, legally sufficient to be submitted to the jury. The legal sufficiency of evidence is for the court, and if there be none such, it is the duty of the court to instruct the jury accordingly. 9 *Gill*, 334, *Clarke vs. Marriott.* 7 *H. & J.*, 36, *Davis vs. Davis.* 1 *Greenlf's Ev.*, sec. 52. 7 *Md. Rep.*, 236, *Lee, et al., vs. Tinges.*

GOLDSBOROUGH, J., delivered the opinion of this court.

The appellants claim damages of the appellee for hindering and obstructing their mill in grinding of grain and manufacturing the same into flour, and set out in the first count of their declaration the manner in which the injury was inflicted. They also allege, in the second count, a further injury committed by the defendant, by destroying the grass and grain growing on their land, in the manner mentioned therein.

The appellee pleaded that he did not commit the wrongs alleged in plaintiffs' declaration. At the trial of the cause, three exceptions were taken by the appellants to the ruling of the

Circuit court, one upon the rejection of the evidence offered by them, one upon the appellee's prayer granted by the court, and the third upon the refusal of the prayer offered by the appellants.

In our opinion, the ruling of the Circuit court, in rejecting the evidence mentioned in the first exception, was correct. The evidence offered by the plaintiffs, though it might establish a substantive cause of action, did not tend to prove the cause of action laid in the declaration. We also think that the prayer of the defendant, granted by the court and contained in the second exception, was properly granted. The appellee being the grantee of the party who erected the mill-dam, and the appellants having purchased the property on which the alleged injury was inflicted after the erection of the dam, not only purchased the property with the inconvenience, but were bound to give notice to the appellee of the injury. See 2 *Chitty's Pl.*, 771, *note*, and the authorities there cited. The evidence relied on of notice was not legally sufficient for such purpose.

For the reasons assigned in reference to the second exception, we think that the prayer of the plaintiffs, in the third exception, was properly rejected.

*Judgment affirmed.*

